```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JULIA JOHNSON and DJM,

                    Plaintiffs,           ORDER
                                          10-CV-1964 (JS)(WDW)
      - against -

EDDIE JAMES MYERS, et al.,

                    Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiffs:

Julia Johnson          Julia Johnson, pro se
                       943 Wallace Avenue
                       Baldwin, NY 11510

DJM                    Julia Johnson, pro se
                       943 Wallace Avenue
                       Baldwin, NY 11510


For Defendants:

Eddie James Myers, Jr. Danielle J. Seid, Esq.
                       Lance D. Simon, Esq.
                       Law Offices of Anthony A. Capetola
                       Two Hillside Avenue
                       Williston Park, NY 11596

Donna Guarton          Lewis R. Silverman, Esq.
Nassau County Baldwin  Christopher James Soverow, Esq.
                       Rutherford & Christie, LLP
                       369 Lexington Avenue, 8th Floor
                       New York, NY 10017-5947

Benjamin Malewicz      Pablo A. Fernandez, Esq.
Jody Weitzman-Fisher   Donna A. Napolitano, Esq.
P.O. Patterson         Liora M. Ben-Sorek, Esq.
John Ciapoli           Nassau County Attorney's Office
                       One West Street
                       Mineola, NY 11501

Justice Karen Murphy   No appearances.
```

| | |
|---|---|
| Dr. Robert Barris<br>Dr. G. St. Victor<br>Arthur A. Gianella | Roger B. Lawrence, Esq.<br>Lawrence, Worden & Rainis, P.C.<br>225 Broad Hollow Road, Suite 105E<br>Melville, NY 11747 |
| Cyrus R. Vance, Jr. | Rebecca Rachel Hirschklau, Esq.<br>New York City Law Department<br>100 Church Street, Room 2-183<br>New York, NY 10003 |

SEYBERT, District Judge:

On February 10, Defendants Robert Barris, M.D., Dr. G. St. Victor and Arthur A. Gianella ("Nassau University Defendants") moved to dismiss under FED. R. CIV. P. 12(b)(6). See Docket No. 68. This motion is, sua sponte, DENIED.

The Nassau University Defendants' motion displays a lack of knowledge of basic federal practice. To begin with, the Nassau University Defendants purport to move under Rule 12(b)(6), despite having answered the Complaint more than seven months ago, back on June 29, 2010. See Docket Nos. 18-20. But a Rule 12(b)(6) motion "must be made before pleading if a responsive pleading is allowed." See FED. R. CIV. P. 12(b); Diez v. Wash. Mut. Bank, 09-CV-2390, 2010 U.S. Dist. LEXIS 135457, at *1 (E.D.N.Y. Dec. 21, 2010) (denying a post-answer Rule 12(b)(6) motion as "improper"); Federal Ins. Co. v. M/V Ville D'Aquarius, 08-CV-8997, 2009 WL 3398266, at *3 (S.D.N.Y. 2009) (Rule 12(b)(6) motion cannot be made after an answer); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002). And, although the Court could, in some instances, construe this

2

motion as a Rule 12(c) motion for judgment on the pleadings, it cannot do so here, because the pleadings remain open and—indeed--valid motions to dismiss remain pending. See Vieira v. Honeoye Cent. Sch. Dist., 09-CV-6163, 2010 U.S. Dist. LEXIS 121762, at *12 (W.D.N.Y. Nov. 16, 2010) (a court can construe a post-answer 12(b)(6) motion as a 12(c) motion for judgment on the pleadings); Little v. F.B.I, 793 F. Supp. 652, 652 (D. Md. 1992) ("a motion for judgment on the pleadings is plainly inappropriate here, because the pleadings have not been closed by answers from all defendants").

Second, to the extent the Nassau University Defendants intended to move under Rule 12(b)(6) while referring to matters outside the pleadings, they failed to comply with Local Rule 12.1. For, although they purported to send the pro se Plaintiffs a Local Rule 12.1 Notice, this Notice mysteriously did not contain the language that Local Rule 12.1 requires. Instead, they provided their own language, which misleadingly misstates the law. Compare Docket No. 71 (stating that the Complaint may be dismissed "if you do not respond to this motion by filing sworn affidavits or other papers as required by Rule 12(b)(6)") with Local Rule 12.1 (warning the pro se that the Court may treat the defendant's 12(b)(6) motion "as a motion for summary judgment" and noting that the complaint may be dismissed "if you do not respond to this motion by filing sworn affidavits and other papers as required by Rule 56(e)").

3

Third, the Nassau University Defendants oddly accompanied their purported Rule 12(b)(6) motion with a Local Rule 56.1 Statement and numerous exhibits.  And their brief relies on this evidentiary material.  But, to the extent that the Nassau University Defendants actually intended to move for summary judgment, they failed to comply with this Court's Individual Practices.

Especially given Plaintiffs' pro se status, the Court cannot excuse these procedural defects.  Thus, the Nassau University Defendants' motion is DENIED.  To the extent that this motion is brought under Rule 12(b)(6), this denial is WITH PREJUDICE, because, by answering, the Nassau University Defendants forfeited their right to move to dismiss under Rule 12(b)(6).  To the extent that the Court construes the Nassau University Defendants' motion as one for summary judgment under Rule 56, this denial is WITHOUT PREJUDICE.  The Nassau University Defendants may file a procedurally-compliant summary judgment motion at the appropriate time.

The Clerk of the Court is directed to send a copy of this Order to the pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
       February 18, 2011