```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JULIA JOHNSON and DJM,

                    Plaintiffs,           MEMORANDUM AND ORDER
                                          10-CV-1964 (JS)(WDW)
     - against -

EDDIE JAMES MYERS, et al.,

                    Defendants.
----------------------------------------X
```

APPEARANCES:
For Plaintiffs:

| | |
|---|---|
| Julia Johnson | Julia Johnson, pro se<br>943 Wallace Avenue<br>Baldwin, NY 11510 |
| DJM | Julia Johnson, pro se<br>943 Wallace Avenue<br>Baldwin, NY 11510 |

For Defendants:

| | |
|---|---|
| Eddie James Myers, Jr. | Danielle J. Seid, Esq.<br>Lance D. Simon, Esq.<br>Law Offices of Anthony A. Capetola<br>Two Hillside Avenue<br>Williston Park, NY 11596 |
| Donna Guarton<br>Nassau County Baldwin | Lewis R. Silverman, Esq.<br>Christopher James Soverow, Esq.<br>Rutherford & Christie, LLP<br>369 Lexington Avenue, 8th Floor<br>New York, NY 10017-5947 |
| Benjamin Malewicz<br>Jody Weitzman-Fisher<br>P.O. Patterson<br>John Ciapoli | Pablo A. Fernandez, Esq.<br>Donna A. Napolitano, Esq.<br>Liora M. Ben-Sorek, Esq.<br>Nassau County Attorney's Office<br>One West Street<br>Mineola, NY 11501 |
| Justice Karen Murphy | No appearances |

| | |
|---|---|
| Dr. Robert Barris | Roger B. Lawrence, Esq. |
| Dr. G. St. Victor | Lawrence, Worden & Rainis, P.C. |
| Arthur A. Gianella | 225 Broad Hollow Road, Suite 105E |
| | Melville, NY 11747 |
| | |
| Cyrus R. Vance, Jr. | Rebecca Rachel Hirschklau, Esq. |
| | New York City Law Department |
| | 100 Church Street, Room 2-183 |
| | New York, NY 10003 |

SEYBERT, District Judge:

On April 23, 2010, Plaintiff Julia Johnson, pro se, commenced this action, suing on behalf of herself and her son, DJM (collectively, "Plaintiffs"). Defendants Eddie James Myers, Jr., Donna Guarton, Nassau County Baldwin, U.S.F.D., and Cyrus R. Vance, Jr., have filed motions to dismiss. For the following reasons, the motions filed by Mr. Vance, Ms. Guarton, and Nassau County Baldwin, U.S.F.D. are GRANTED. The motion filed by Mr. Myers is GRANTED IN PART AND DENIED IN PART.

DISCUSSION

I.  Standard of Review

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n. 6 (2d Cir. 2001). When there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Accordingly, the Court will not draw inferences favorable to the party asserting jurisdiction. See id.

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal

quotations and citations omitted). However, pro se plaintiffs must still "comport with the procedural and substantive rules of law," Javino v. Town of Brookhaven, 06-CV-1245, 2008 U.S. Dist. LEXIS 17323, at *3 (E.D.N.Y. Mar. 4, 2008).

II. Eddie James Myers, Jr.

   A. Factual Allegations

Plaintiffs make the following allegations against Mr. Myers:

On August 14, 2008, Mr. Myers commenced a Paternity Petition in Nassau County Family Court ("Family Court"), asserting that he fathered Ms. Johnson's child, purported co-Plaintiff DJM. (Comp. at p. 3.) On December 11, 2008, Mr. Myers won that suit, receiving an Order of Filiation that declared him to be DJM's father. (Id. at p. 17) (attached Order of Filiation).

On August 20, 2008, Mr. Myers accompanied a child protective services caseworker, co-Defendant Jody Weitzman-Fisher, to Plaintiffs' home. (Id. at p. 3.) Someone called the Nassau County police, who then "falsely arrested" Ms. Johnson, and eventually transported her to the Nassau University Medical Center Emergency Psychiatric Room (hereafter, "Hospital Psychiatric Room"). (Id.)

On October 4, 2008, Mr. Myers met with Ms. Weitzman-Fisher's supervisor, co-Defendant Benjamin Malewicz. (Id. at p.

4.) During this meeting, Mr. Myers "assumed the role of Quasi-guardian with respect to [Ms. Johnson]," and helped make "arrangements for [her] to again be transported" to the Hospital Psychiatric Room. (Id.)

On October 7, 2008, Mr. Myers made unspecified allegations against Ms. Johnson in a court proceeding that child protective services initiated. (Id.)

"Mr. Myers was determined to use the system to build a civil commit [sic] to gain a fixed custody case." (Id. at p. 5.) Specifically, Mr. Myers made "false allegations" of "abuse and neglect with respect to [Ms. Johnson's] son," to "the Department of Social Services and to the court." (Id.)

Additionally, Plaintiffs attached to their Complaint a copy of a "Family Offense Petition" that Mr. Myers commenced against Ms. Johnson in Family Court on March 26, 2009. The Family Court dismissed that Petition on April 20, 2009, for failure to state a claim. However, on March 11, 2010, the Family Court granted another Petition, this one filed by the Nassau County Department of Social Services. See Docket No. 39 at p. 26.[1]

---

[1] This order was not attached to the Complaint, although the Complaint's references to a "March 12, 2010" order appear to refer to this document. (Compl. at p. 6.) In any event, the Court can take judicial notice of orders issued by other courts. See Lomnicki v. Cardinal McCloskey Services, 04-CV-4548, 2007 WL 2176059, at *1 n. 1 (S.D.N.Y. 2007) (taking judicial notice of

5

B. <u>Legal Claims</u>[2]

It is completely unclear what claims Plaintiffs purport to assert against Mr. Myers. Construing Plaintiffs' Complaint very liberally, the Court presumes that Plaintiffs attempted to assert claims based on 42 U.S.C. § 1983, false imprisonment, abuse of process, and defamation. If that's the case, the § 1983, false imprisonment, and abuse of process claims fail, but the defamation claim survives for now.

Plaintiffs' § 1983 claim fails because, although Mr. Myers happens to be a state employee, the Complaint's allegations against him solely concern actions he took in his private capacity as a father and, apparently, Ms. Johnson's ex-paramour. Plaintiffs plead no facts to suggest that Mr. Myers acted under color of state law when he complained about Ms. Johnson to "the Department of Social Services and to the court." (Compl. at p. 5.) Thus, Plaintiffs fail to state a § 1983 claim against him. <u>See</u> <u>Sybalski v. Indep. Group Home Living Prog.</u>,

---

family court orders). The Court does so "not for the truth of the matters asserted therein but to establish the fact of such filings or orders." <u>Nealy v. Berger</u>, 08-CV-1322, 2009 WL 704804, at *2 n. 3 (E.D.N.Y. Mar. 16, 2009).

[2] Mr. Myers has moved under both Rule 12(b)(1) and Rule 12(b)(6). The Court has largely applied Rule 12(b)(6) in deciding this motion. However, because the <u>Rooker-Feldman</u> doctrine and domestic relations exception are jurisdictional concepts, the segments of this opinion dealing with those doctrines should be seen as applying Rule 12(b)(1).

6

Inc., 546 F.3d 255, 257 (2d Cir. 2008); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272-273 (2d Cir. 1999).

Plaintiffs' false imprisonment claim also fails. Although the Complaint alleges that Mr. Myers "assume[d] the role of Quasi-guardian with respect to [Ms. Johnson]," and helped make "arrangements for [her] to again be transported" to the Hospital Psychiatric Room (Compl. at p. 5), the Complaint fails to plead any facts (or even conclusory allegations) suggesting that Mr. Myers acted improperly. In any event, this claim is barred by collateral estoppel. Plaintiffs' concede that the New York Supreme Court, County of Nassau, ratified the decision to involuntarily commit her. (Compl. p. 4.) Consequently, she can obtain no relief here against Mr. Myers. See Krajca v. City of New York, 305 A.D.2d 375, 376, 758 N.Y.S.2d 685, 687 (2d Dep't 2003) ("A valid, binding, and enforceable court order obtained and issued in accordance with the Mental Hygiene Law precludes the relitigation of the issues determined therein in a later action to recover damages").[3]

Plaintiffs' abuse of process claim fails as well. This claim, even when liberally construed, entirely relates to her custody dispute with Mr. Myers (e.g., he "use[d] the system . . . to gain a fixed custody case," and made "false

---

[3] For the same reasons, collateral estoppel bars Plaintiffs' defamation claim, to the extent it seeks damages for Ms. Johnson's involuntary confinement.

7

accusations" to "the Department of Social Services and to the court"). (Compl. at p. 6.) As such, this claim falls within the domestic relations exception to federal jurisdiction. See Cobian v. New York City, 99-CV-10533, 2000 WL 1782744, at *9 (S.D.N.Y. 2000); Mitchell-Angel v. Cronin, 101 F.3d 108 (Table), 1996 WL 107300, at *2 (2d Cir. 1996) (unpublished).

Plaintiffs' defamation claim is more complicated to address. The domestic relations exception to federal jurisdiction does not wholly preclude it. See McKnight v. Middleton, 699 F. Supp. 2d 507, 519 (E.D.N.Y. 2010) (defamation claim did not implicate domestic relations exception because it was "independent and separate from the custody orders"). And the Rooker-Feldman doctrine does not entirely bar it either. Among other things, Plaintiffs allege that Mr. Myers made defamatory statements in a March 29, 2009 state court Petition that was dismissed for failure to state a claim. Thus, with respect to this Petition, Ms. Johnson was not a state court loser, and does not complain about any injuries flowing from a state court decision against her. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

Additionally, Mr. Myers' motion papers did not brief this claim's legal sufficiency. Instead, Mr. Myers argued only that, because the federal claims are not properly pled, the

8

Court lacks subject matter jurisdiction over the entire action as against him. But Mr. Myers is mistaken. Plaintiffs assert federal claims not just against Mr. Myers, but also against several other defendants. And, "[w]hen a federal claim is raised against one party and a state claim is raised against another party," the Court has "pendent party jurisdiction" if "the [state] claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party." In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liability Litig., 613 F. Supp. 2d 437, 441 (S.D.N.Y. 2009). Thus, the Court can (and should) exercise supplemental jurisdiction over the state law claims against Mr. Myers, if they "arise out of the same set of facts" as Plaintiffs' federal claims against other defendants.

And they do. Among other things, Plaintiffs assert § 1983 claims against Defendants Benjamin Malewicz, Jody Weizman-Fisher, Dr. Robert Barris, Dr. G. St. Victor, and Arthur A. Gianella, that apparently relate, in large part, to Mr. Myers' public statements about Ms. Johnson's parenting and mental health. These related federal claims remain pending, providing a basis for supplemental jurisdiction over Plaintiffs' defamation claim against Mr. Myers.

It follows then that, for now, Plaintiffs' defamation claim against Mr. Myers is properly in federal court. And,

9

because Mr. Myers has not contested this claim's legal sufficiency, the Court has no grounds to dismiss it under FED. R. CIV. P. 12(b)(6). Accordingly, Plaintiffs' defamation claim survives Mr. Myers' motion to dismiss, at least in part. Plaintiffs can obtain no relief for injuries caused by the state court orders depriving Ms. Johnson of custody of DJM. And, as discussed above, Plaintiffs are collaterally estopped from contesting the circumstances that led to Ms. Johnson's involuntary psychiatric confinement. But, for now, Plaintiffs' defamation claim survives with respect to any other injuries flowing from Mr. Myers' allegedly defamatory statements, including injuries resulting from Mr. Myers' unsuccessful March 29, 2009 state court Petition.

III. Donna Guarton and Nassau County Baldwin, U.S.F.D.

   A. Factual Allegations

Plaintiffs make the following allegations against Donna Guarton and Nassau County Baldwin, U.S.F.D. (hereafter, "School District Defendants"):

On June 20, 2008, the Brookside Elementary School filed an anonymous complaint against Ms. Johnson with the "NYS Child Abused/Maltreatment registrar hotline." (Compl. p. 3.) This complaint led to a visit from Defendant Jody Weitzman-Fisher, a child protective services caseworker, which, in turn,

resulted in Ms. Johnson being arrested and twice confined to the Hospital Psychiatric Room. (Id. pp. 3-4)

On October 7, 2008, Assistant Director for Child Services, Jill DiGiovanni, filed a court petition on DJM's behalf that depended, in part, on Ms. Guarton's allegations. (Id. p. 4). School District Defendants employs Ms. Guarton as a school psychologist. (Id.) Before making these allegations, Ms. Guarton had never met Ms. Johnson, and "never had any dealings" with DJM. (Id.)

B. Legal Claims

Much like with respect to Plaintiffs' claims against Mr. Myers, it is unclear what causes of action Plaintiffs purport to assert against Ms. Guarton and the School District Defendants. In their opposition papers, the School District Defendants construe Plaintiffs' Complaint as asserting claims for false arrest, unlawful detention or involuntary hospitalization, malicious prosecution, defamation, intentional infliction of emotional distress, deprivation of due process, and municipal liability. The Court does the same. And, having done so, the Court finds that Plaintiffs' claims cannot survive the School District Defendants' motion to dismiss.

To begin with, Plaintiffs' claims against the School District Defendants appear to relate mostly, and quite possibly entirely, to the custody proceedings brought against Ms.

11

Johnson. Thus, the domestic relations exception to federal court jurisdiction precludes the Court's consideration of them. See Cobian, 2000 WL 1782744 at *9. And, to the extent that Ms. Johnson complains about injuries flowing from the state court decisions that denied her custody of DJM, the Rooker-Feldman doctrine precludes the Court's consideration of her claims as well. See generally Exxon Mobil Corp., 544 U.S. at 283. Consequently, the Court lacks subject matter jurisdiction over most, and quite possibly all, of Plaintiffs' claims against the School District Defendants.[4]

In any event, the Complaint fails to state any cognizable claims against the School District Defendants. With respect to Plaintiffs' § 1983 claims, it is an open question whether the School District Defendants acted as state actors, or just responsible citizens, in reporting Ms. Johnson's suspected abuse and neglect of DJM. The Court need not decide this

---

[4] The Complaint is terse, and to some extent undecipherable. So the Court cannot say with certainty that Plaintiffs' claims are entirely barred by the domestic relations exception or the Rooker-Feldman doctrine. It may very well be that Plaintiffs intended to assert a claim not reached by either jurisdictional doctrine, such as a defamation claim wholly independent from the custody dispute. Accordingly, in addition to addressing the jurisdictional issues, the Court also turns to the sufficiency of Plaintiffs' pleading.

complicated issue.[5] If the School District Defendants were not state actors, then no § 1983 liability attaches. See Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010). Conversely, if the School District Defendants were state actors, then Plaintiffs' claims fail on other grounds.

With respect to Ms. Guarton, Plaintiffs' Complaint contains no facts, or even conclusory allegations, to suggest that Ms. Guarton did anything remotely improper. Rather, at most, Plaintiffs appear to allege that Ms. Guarton learned of certain allegations that Mr. Myers made, and--believing those allegations--acted in good faith to fulfill her statutory duty to report suspected child abuse and neglect. See N.Y. Soc. Serv. L. § 413. Consequently, based on Plaintiffs' allegations, it was "objectively reasonable" for Ms. Guarton to assume that her conduct did not violate any clearly established statutory or constitutional rights. Zellner v. Summerlin, 494 F.3d 344, 367 (2d Cir. 2007). Thus, if a state actor, Ms. Guarton is entitled to qualified immunity.

With respect to School District Defendants, the Complaint contains no facts, or even conclusory allegations, that would permit the imposition of municipal liability. The Complaint does not allege, for instance, that the School

---

[5] Compare Kia P. v. McIntyre, 235 F.3d 749, 756 (2d Cir. 2000) with JC v. Mark Country Day Sch., 2007 WL 201163, *2-3 (E.D.N.Y. 2007).

13

District Defendants had a policy or custom of slandering parents by making baseless allegations of abuse or neglect. Nor does the Complaint suggest that the School District Defendants' alleged conduct resulted from inadequate training or supervision. Thus, Plaintiffs' § 1983 claims must be dismissed against Nassau County as well. See generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiffs' state law claims also fail. "School officials are required to make a report to the statewide central register of child abuse and maltreatment or the local child protective service when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child." Biondo v. Ossining Union Free School Dist., 66 A.D.3d 725, 727, 888 N.Y.S.2d 75, 77 (2d Dep't 2009) (citing N.Y. Soc. Serv. L. § 413). "Such 'mandatory reporters' are granted immunity from liability for making good faith child protective reports." Id. (citing N.Y. Soc. Serv. L. § 419). In addition, a "school official acting in the scope of his or her employment is presumptively acting in good faith so long as the person is not guilty of willful misconduct or gross negligence." Id. Here, Plaintiffs allege no facts, or even conclusory allegations, to suggest that Ms. Guarton or Nassau County Baldwin, U.S.F.D.,

14

acted with willful misconduct or gross negligence. So Plaintiffs' state law claims must fail against these Defendants.

IV. Cyrus Vance, Jr.

   A. Factual Allegations

   On March 5, 2007, Ms. Johnson was suspended from her position with the New York County District Attorney's Office, and apparently never returned to work there. On May 15 2007, Ms. Johnson filed an EEOC complaint in connection with this suspension. On September 12, 2007, the EEOC dismissed her charge of discrimination and issued her a right to sue letter. Ms. Johnson took no action until she commenced this Complaint, more than two years later.

   B. Legal Claims

   Even construed liberally, Plaintiffs' claims against Mr. Vance solely concern Ms. Johnson's employment with the New York County District Attorney's Office, which culminated with her termination and the filing of an EEOC complaint. As Plaintiffs acknowledge, Ms. Johnson did not file suit within ninety days of receiving her right to sue letter. (Compl. p. 5.) Consequently, Plaintiffs' Title VII claim must be dismissed. See 42 U.S.C. § 2000e-5(f)(1); Daniel v. Long Island Housing Partnership, Inc., 08-CV-1455, 2009 WL 702209, at *5 (E.D.N.Y. Mar. 13, 2009).

In his motion papers, Mr. Vance also construes the Complaint as alleging a § 1983 cause of action against him. Even after affording Plaintiffs' Complaint the most liberal reading possible, the Court cannot construe such a claim. Plaintiffs plead no facts, or even conclusory allegations, against either Mr. Vance or the New York County District Attorney's Office, that remotely suggests a § 1983 violation. And, in any event, such a claim would be time-barred. Section 1983 claims arising in New York are subject to a three year limitations period. See Lynch v. Suffolk County Police Dept., Inc., 348 Fed. Appx. 672, 674 (2d Cir. 2009). Here, Ms. Johnson commenced suit in April 2010, more than three years after her employment with Mr. Vance ceased. And Ms. Johnson does not raise any non-employment based claims against this defendant.

CONCLUSION

The motions to dismiss filed by Mr. Vance, Ms. Guarton, and Nassau County Baldwin, U.S.F.D., are GRANTED. Plaintiffs' claims against these Defendants are DISMISSED WITH PREJUDICE. The motion filed by Mr. Myers is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED with respect to Plaintiffs' § 1983, false imprisonment, and abuse of process claims. The motion is GRANTED IN PART AND DENIED IN PART with respect to Plaintiffs' defamation claim. Plaintiffs' defamation claim survives, for now, to the extent that it alleges injuries

other than Ms. Johnson's ultimate loss of DJM's custody, or Ms. Johnson's psychiatric confinement. For example, it survives to the extent it alleges injuries resulting from Mr. Myers' unsuccessful state court Petition.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: February  23 , 2011
       Central Islip, New York