```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JULIA JOHNSON and DJM,

                    Plaintiffs,        MEMORANDUM AND ORDER
                                       10-CV-1964 (JS)(WDW)
    - against -

EDDIE JAMES MYERS, et al.,

                    Defendants.
----------------------------------X
```

APPEARANCES:

For Plaintiffs:
Julia Johnson            Julia Johnson, pro se
                         943 Wallace Avenue
                         Baldwin, NY 11510

DJM                      Julia Johnson, pro se
                         943 Wallace Avenue
                         Baldwin, NY 11510

For Defendants:
Eddie James Myers, Jr.   Danielle J. Seid, Esq.
                         Lance D. Simon, Esq.
                         Law Offices of Anthony A. Capetola
                         Two Hillside Avenue
                         Williston Park, NY 11596

Donna Guarton            Lewis R. Silverman, Esq.
Nassau County Baldwin    Christopher James Soverow, Esq.
                         Rutherford & Christie, LLP
                         369 Lexington Avenue, 8th Floor
                         New York, NY 10017-5947

Benjamin Malewicz        Pablo A. Fernandez, Esq.
Jody Weitzman-Fisher     Donna A. Napolitano, Esq.
P.O. Patterson           Liora M. Ben-Sorek, Esq.
John Ciapoli             Nassau County Attorney's Office
                         One West Street
                         Mineola, NY 11501

Justice Karen Murphy     No appearances.
Dr. Robert Barris        Roger B. Lawrence, Esq.
Dr. G. St. Victor        Lawrence, Worden & Rainis, P.C.

| | |
|---|---|
| Arthur A. Gianella | 225 Broad Hollow Road, Suite 105E<br>Melville, NY 11747 |
| Cyrus R. Vance, Jr. | Rebecca Rachel Hirschklau, Esq.<br>New York City Law Department<br>100 Church Street, Room 2-183<br>New York, NY 10003 |

SEYBERT, District Judge:

On February 23, 2010, the Court issued an Order ("February 23 Order") addressing three separate motions to dismiss. See Docket No. 77. The February 23 Order dismissed with prejudice all claims against Defendants Donna Guarton, Nassau County Baldwin, U.S.F.D., and Cyrus R. Vance, Jr. It also dismissed some of the claims asserted against Defendant Eddie James Myers, Jr.

Plaintiffs Julia Johnson and DJM, pro se, have now moved for reconsideration of the portion of the February 23 Order dismissing with prejudice the claims against Ms. Guarton, Nassau County Baldwin, U.S.F.D., and Cyrus R. Vance, Jr. For the following reasons, that motion is DENIED.

## DISCUSSION

I. Standard of Review

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a party to move for reconsideration when it believes the

Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

II. Application

Plaintiffs identify no "matters or controlling decisions" that the Court overlooked. Shamis, 187 F.R.D. at 151. Nor do Plaintiffs identify any mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud. FED. R. CIV. P. 60(b). Instead, Plaintiffs seek to relitigate issues and legal arguments the Court already decided against them, or raise entirely new issues and claims. Such conduct is, precisely, what reconsideration is not for. See Gross, 98-CR-0159, 2002 WL 32096592 at *4; Lehmuller, 982 F. Supp. at 135. The Court explains below, in more detail.

    A.  Claims Against Mr. Vance

With respect to Mr. Vance, Plaintiffs contend that the case should not be dismissed against him because Ms. Johnson was supposedly illegally terminated on October 23, 2008. This "new" fact, which Plaintiffs neglected to plead (alleging only Ms. Johnson's March 2007 suspension) does not warrant reconsideration. To begin with, raising it now is procedurally improper, because reconsideration is not the right vehicle for raising new issues. Lehmuller, 982 F. Supp. at 135. And, in any event, it would not have affected the Court's decision.

Plaintiffs' Title VII claim would still fail because--as Plaintiffs pled in the Complaint--Ms. Johnson failed to file suit within ninety days of receiving her right to sue letter.

4

See Docket No. 77 at 15 (citing Compl. p. 5). Thus, the claim is time-barred.

And Plaintiffs' 42 U.S.C. § 1983 claim fairs no better. If, as Plaintiffs now allege, Ms. Johnson was not fired until October 2008, the claim may be timely. But it is neither well-pled nor legally cognizable.

If Plaintiffs sue Mr. Vance in his individual capacity, they allege no facts suggesting his personal involvement in the alleged harassment, discrimination, or improper termination. And, because Mr. Vance did not become the New York County District Attorney until January 2010, it is unclear, at best, how he could have had such involvement.

Alternatively, if Plaintiffs sue Mr. Vance in his official capacity, they fail to allege facts supporting New York County's municipal liability. Indeed, Plaintiffs allege nothing to suggest that New York County maintained any policy, practice or custom of committing any kind of Constitutional violation. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (municipal policy, practice, or custom needed for municipal liability); Spear v. Town of W. Hartford, 954 F.2d 63, 67 (2d Cir. 1992) (a "plaintiff must make specific allegations of fact that indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and

conclusory statements are insufficient"). On the contrary, to the extent that Plaintiffs' voluminous submissions contain "facts" at all, they identify only petty intra-office feuds and human resources difficulties that lack Constitutional import, and in no way suggest a policy or custom of Constitutional violations (e.g., a supervisor assigning too much work while permitting "favorite employees" to "run errands" during the day; fumes from a nearby printer causing discomfort; a six-week delay in receiving certain compensation). See generally Docket No. 1-2 at pp. 5, 8, 10.

 B. Claims Against Ms. Guarton & Nassau County Baldwin, U.S.F.D.

Plaintiffs also seek reconsideration of the Court's dismissal of the claims against Ms. Guarton and Nassau County Baldwin, U.S.F.D. But Plaintiffs' arguments are not persuasive.

In dismissing the claims against Ms. Guarton, the Court held that: (i) even if the Rooker-Feldman doctrine did not entirely preclude Plaintiffs' claims; and (ii) even if Ms. Guarton should be considered a state actor; then (iii) Ms. Guarton enjoyed qualified immunity. This is because, "at most, Plaintiffs appear to allege that Ms. Guarton learned of certain allegations that Mr. Myers made, and--believing those allegations--acted in good faith to fulfill her statutory duty to report suspected child abuse and neglect." Docket No. 77 at

6

13 (citing N.Y. Soc. Serv. L. § 413). Thus, "it was 'objectively reasonable' for Ms. Guarton to assume that her conduct did not violate any clearly established statutory or constitutional rights." Id. The Court then held that, for substantively the same reasons, Ms. Guarton also enjoyed immunity from Ms. Johnson's state law claims. Id. at 14-15 (citing N.Y. Soc. Serv. L. § 419).

In seeking reconsideration, Plaintiffs identify no "matters or controlling decisions" that the Court overlooked. Shamis, 187 F.R.D. at 151. Nor do Plaintiffs identify any mistakes, inadvertence, excusable neglect, newly discovered evidence, or fraud. FED. R. CIV. P. 60(b). Instead, Plaintiffs just repeat their allegations that: (i) Ms. Guarton was somehow responsible for the "defamation" of her character; and (ii) Ms. Guarton could not have observed any alleged abuse because her son did not attend school on the day when she filed her anonymous complaint. These are the precise issues that Plaintiffs already litigated, and lost. So reconsideration is not available. Shamis, 187 F.R.D. at 151.

In any event, Plaintiffs' argument fails on its merits. Just as before, Plaintiffs identify no facts suggesting that Ms. Guarton lacked good faith or behaved remotely inappropriately. Instead, even construed in the light most favorable to Plaintiffs, the identified facts suggest--at worst-

-that Ms. Guarton made a good faith mistake in judgment when she believed Defendant Eddie Myers' supposedly false allegations of abuse and/or mental instability. This is exactly why the Court held that Ms. Guarton enjoys immunity from suit.

Similarly, the Court dismissed the claims against Nassau County Baldwin, U.S.F.D., because the Complaint "contains no facts, or even conclusory allegations, that would permit the imposition of municipal liability." Docket No. 77 at 13. Plaintiffs "oppose" this dismissal. But Plaintiffs still fail to identify any facts (whether pled in the Complaint or contained in Plaintiffs' various other submissions) suggesting that this Defendant maintained a policy, custom or practice of "slandering parents by making baseless allegations of abuse or neglect." Id. at 14. Nor do Plaintiffs cite any facts or law suggesting that their state law claims are cognizable against this Defendant. It follows then that Plaintiffs provide nothing to justify reconsideration.

## CONCLUSION

Plaintiffs' motion for reconsideration and/or relief from judgment is DENIED. All claims against Defendants Donna Guarton, Nassau County Baldwin, U.S.F.D., and Cyrus R. Vance, Jr. remain dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Court also warns Plaintiffs not to file another motion seeking reconsideration of the Court's Order dismissing these Defendants. Plaintiffs' pro se status does not exempt them from the consequences of filing frivolous motions. And, if the Court deems a second motion seeking reconsideration to be frivolous, the Court will not hesitate to impose appropriate sanctions--such as ordering Plaintiffs to pay Defendants' reasonable attorneys' fees. See FED. R. CIV. P. 11; Johl v. Johl, 788 F.2d 75, 75 (2d Cir. 1986).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  June   22  , 2011
        Central Islip, New York