```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JULIA JOHNSON and DJM,

                    Plaintiffs,                    ORDER
                                                   10-CV-1964(JS)(WDW)
    -against-

EDDIE JAMES MYERS, JR.; DONNA GUARTON,
Psychologist; BENJAMIN MALEWICZ; JODY
WEITZMAN-FISHER; P.O. PATTERSON,
Shield No. 658, 1st Precinct Command;
ROBERT BARRIS, M.D.; DR. G. ST. VICTOR;
NASSAU COUNTY BALDWIN, U.F.S.D.; ARTHUR
A. GIANELLA, President/CEO Nassau
University Medical Center; JOHN CIAPOLI,
Nassau County Attorney; JUSTICE KAREN
MURPHY, Nassau County Supreme Court;
CYRUS R. VANCE, JR., New York County
District Attorney;

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Julia Johnson, pro se
                        942 Wallace Avenue
                        Baldwin, NY 11510

For Defendants:
Eddie James Myers, Jr.  Danielle J. Seid, Esq.
                        Lance D. Simon, Esq.
                        Law Offices of Anthony A. Capetola
                        Two Hillside Avenue, Building C
                        Williston Park, NY 11596

Guarton and Nassau      Lewis R. Silverman, Esq.
County Baldwin,         Christopher James Soverow, Esq.
U.F.S.D.                Rutherford & Christie, LLP
                        369 Lexington Avenue
                        New York, NY 10017

Malewics, Weitzman-     Pablo A. Fernandez, Esq.
Fisher, Patterson,      Liora M. Ben-Sorek, Esq.
and Ciapoli             Nassau County Attorney's Office
                        One West Street
                        Mineola, NY 11501
```

| | |
|---|---|
| Barris, St. Victor, and Gianella | Roger B. Lawrence, Esq.<br>Lawrence, Worden & Rainis, P.C.<br>225 Broad Hollow Road, Suite 105E<br>Melville, NY 11747 |
| Cyrus R. Vance, Jr. | Rebecca Rachel Hirschklau, Esq.<br>New York City Law Department<br>100 Church Street, Room 2-183<br>New York, NY 10003 |
| Justice Karen Murphy | Lori L. Pack, Esq.<br>New York State Attorney General's Office<br>300 Motor Parkway, Suite Suite 205<br>Hauppauge, NY 11788. |

SEYBERT, District Judge:

Presently pending before the Court are (1) Plaintiff Julia Johnson's motion to appoint pro bono counsel (Docket Entry 114) and (2) Ms. Johnson's letter request for an extension of time to oppose Defendant Justice Karen Murphy's motion to dismiss (Docket Entry 118). For the reasons that follow, the motion to appoint counsel is DENIED, and the request for an extension of time is GRANTED IN PART AND DENIED IN PART.

DISCUSSION

I. Motion to Appoint Counsel

On December 6, 2011, the Court granted Ms. Johnson thirty (30) days to obtain counsel to proceed on behalf of her minor son DJM because parents cannot represent their minor children pro se. (Docket Entry 107 at 7 (citing Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2d Cir. 1990); Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir.

2

1998), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007)).) On December 22, 2011, Ms. Johnson sought the appointment of pro bono counsel for herself and DJM.

Unlike criminal defendants, civil litigants do not have a constitutional right to the appointment of counsel. However, pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In deciding a motion for appointment of counsel, "the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). A position is likely to be of substance if it appears to the court that the plaintiff "appears to have some chance of success." Id. at 61. Where a plaintiff satisfies this threshold requirement, the Second Circuit instructs that:

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62. These factors are not restrictive and "[e]ach case must be decided on its own facts." Id. at 61.

The Court has reviewed the Complaint and finds that the appointment of counsel is not warranted at this stage of the litigation because Ms. Johnson has not satisfied the threshold showing of merit. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-74 (2d Cir. 1989); Hodge, 802 F.2d at 61.[1] Based on this review, Ms. Johnson's motion for the appointment of counsel is DENIED without prejudice with leave to renew once this case is ready for trial. At this time, Ms. Johnson must either continue pro se or retain an attorney, see 28 U.S.C. § 1654, and all claims asserted on behalf of DJM are hereby DISMISSED WITHOUT PREJUDICE.

II. Request for an Extension of Time

Also pending are the requests in Ms. Johnson's letter dated January 13, 2012 to extend her time to (1) oppose Justice Murphy's motion to dismiss and (2) file a "Reply" to the Court's January 5, 2012 Order. (Docket Entry 118.)

Justice Murphy moved to dismiss on December 21, 2011 (Docket Entry 112); therefore, pursuant to Local Civil Rule 6.1(b), Ms. Johnson's opposition was due on or before January 4, 2012. Thus Ms. Johnson's request for an extension, filed on

---

[1] Even assuming arguendo that Ms. Johnson could satisfy the threshold requirement, consideration of the remaining Hodge factors indicate that the appointment of counsel is not warranted at this time. Although the Court is sympathetic to Ms. Johnson's situation, the record, replete with letters filed by Ms. Johnson, reflects that she can adequately prosecute her own claims pro se.

4

January 13, was untimely; nonetheless the Court GRANTS her a moderate extension. Ms. Johnson's opposition to Justice Murphy's motion is now due on or before February 29, 2012.

Ms. Johnson's letter also seeks an extension to file a "Reply to the court Order dated January 5, 2012," which granted her request to forgo serving copies of her filings on all Defendants and denied her request to send Justice Murphy copies of all documents filed in this action to date. As no "Reply" is required, Plaintiff's request for an extension to file one is DENIED.

## CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Johnson's motion to appoint counsel, DISMISSES all claims brought on behalf of Plaintiff DJM, GRANTS Ms. Johnson's request for an extension to oppose Justice Murphy's motion to dismiss, and DENIES Ms. Johnson's request for an extension to file a "Reply" to the Court's January 5, 2012 Order.

The Clerk of the Court is hereby directed to terminate DJM as a Plaintiff in this matter, terminate the motion at Docket Entry 115,[2] and mail a copy of this Order to the Plaintiffs.

---

[2] The document at Docket Entry 115, although labeled a "Request to Proceed In Forma Pauperis," is really a financial affidavit in support of Ms. Johnson's motion to appoint counsel.

5

SO ORDERED.

/s/_JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: January  27 , 2012
       Central Islip, NY