```
UNITED STATES DISTRICT COURT                           FILED
EASTERN DISTRICT OF NEW YORK                    IN CLERK'S OFFICE
---------------------------------------X      US DISTRICT COURT E.D.N.Y.
JULIA JOHNSON,
                                              ★   JUN 28 2012   ★
                    Plaintiff,
                                                LONG ISLAND OFFICE
    -against-

EDDIE JAMES MYERS, JR., DONNA GUARTON,
psychologist, BENJAMIN MALEWICZ, JODY
WEITZMAN-FISHER, P.O. PATTERSON,              MEMORANDUM & ORDER
Shield No. 658, 1st Precinct Command,         10-CV-1964(JS)(WDW)
ROBERT BARRIS, M.D., DR. G. ST. VICTOR,
NASSAU COUNTY BALDWIN, U.F.S.D., ARTHUR
A. GIANELLA, President/CEO Nassau
University Medical Center, JOHN CIAPOLI,
Nassau County Attorney, JUSTICE KAREN
MURPHY, Nassau County Supreme Court,
CYRUS R. VANCE, JR., New York County
District Attorney,

                    Defendants.
---------------------------------------X
APPEARANCES
For Plaintiff:          Julia Johnson, pro se
                        942 Wallace Avenue
                        Baldwin, NY 11510

For Defendants:
Eddie James Myers, Jr.  Danielle J. Seid, Esq.
                        Lance D. Simon, Esq.
                        Law Offices of Anthony A. Capetola
                        Two Hillside Avenue, Building C
                        Williston Park, NY 11596

Guarton and Nassau      Lewis R. Silverman, Esq.
County Baldwin,         Christopher James Soverow, Esq.
U.F.S.D.                Rutherford & Christie, LLP, 8th Floor
                        369 Lexington Avenue
                        New York, NY 10017

Malewics, Weitzman-     Pablo A. Fernandez, Esq.
Fisher, Patterson,      Liora M. Ben-Sorek, Esq.
and Ciapoli             Nassau County Attorney's Office
                        One West Street
                        Mineola, NY 11501
```

| | |
|---|---|
| Barris, St. Victor, and Gianella | Roger B. Lawrence, Esq.<br>Lawrence, Worden & Rainis, P.C.<br>225 Broad Hollow Road, Suite 105E<br>Melville, NY 11747 |
| Cyrus R. Vance, Jr. | Rebecca Rachel Hirschklau, Esq.<br>Sheppard, Mullin, Richter & Hampton, LLP<br>30 Rockefeller Plaza<br>New York, NY 10002 |
| Justice Karen Murphy | Lori L. Pack, Esq.<br>N.Y. State Attorney General's Office<br>300 Motor Parkway, Suite 205<br>Hauppauge, NY 11788 |

SEYBERT, District Judge:

Presently pending before the Court are: (1) two letter motions to dismiss for improper service filed by Defendant New York State Supreme Court Justice Karen Murphy (Docket Entries 112, 120); (2) Plaintiff Julia Johnson's motion for a default judgment against Justice Murphy (Docket Entry 119); and (3) Plaintiff's motion to vacate the judgment entered in favor of Defendants Nassau County Baldwin Union Free School District and Donna Guarton (Docket Entry 119). For the following reasons, all of the pending motions are DENIED, and the Court sua sponte dismisses the claims against Justice Murphy on the grounds of judicial immunity.

## BACKGROUND

The Court assumes familiarity with the underlying facts of this case and will only briefly summarize the procedural history.

Plaintiff commenced this action pro se on April 23, 2010, on behalf of herself and her infant son DJM[1] asserting claims against DJM's father, Eddie James Myers, Jr.; Donna Guarton and Nassau County Baldwin Union Free School District (the "School District Defendants"); Benjamin Malewicz, Jody Weitzman-Fisher, Police Officer Patterson, and John Ciapoli (the "Law Enforcement Defendants"); Dr. Robert Barris, Dr. G. St. Victor, and Arthur A. Gianella (the "NUMC Defendants"), New York County District Attorney Cyrus R. Vance, Jr.; and New York State Supreme Court Justice Karen Murphy.[2] (Docket Entry 1.) Plaintiff simultaneously sought leave to proceed in forma pauperis (Docket Entry 2), which the Court granted on May 5, 2010 (Docket Entry 4). Copies of the Summons and Complaint were forwarded to the United States Marshal for the Eastern District of New York for service upon Defendants. (Docket Entry 4.)

On June 29, 2010, the NUMC Defendants filed Answers to the Complaint (Docket Entries 18-20), and on August 30, 2010, the Law Enforcement Defendants filed their Answer (Docket Entry 39). The School District Defendants, Mr. Vance, and Mr. Myers all filed motions to dismiss (Docket Entries 26, 46, 64), which

---

[1] After warning Plaintiff that she could not represent her infant son pro se, the Court dismissed all claims brought on behalf of DJM on January 27, 2012. (Docket Entry 121.)

[2] Counsel for Justice Murphy purports to represent the Nassau County Supreme Court as well (Docket Entries 112, 120); however, the Supreme Court was not named as a defendant in this action.

were granted in part and denied in part by this Court on February 23, 2011 (Docket Entry 77). All claims against the School District Defendants were dismissed with prejudice, and, on January 13, 2012 at the School District Defendants' request, the Court entered judgment in their favor. (Docket Entry 117.) All claims against Mr. Vance were also dismissed, and the only claim against Mr. Myers that survived the motion to dismiss was Plaintiff's defamation claim. Mr. Myers filed his Answer to the remaining claim against him on June 1, 2011. (Docket Entry 96.)

On May 25, 2011, the NUMC Defendants moved for summary judgment (Docket Entries 90-94), which the Court granted on December 6, 2011 (Docket Entry 107). In its Memorandum and Order, the Court noted that Justice Murphy had yet to appear or otherwise respond to Plaintiff's Complaint.

On December 21, 2011, Justice Murphy filed a letter motion to dismiss the claims against her for improper service of process. (Docket Entry 112.)[3] Then, on January 23, 2012, Plaintiff responded by moving for a default judgment against Justice Murphy and simultaneously requesting that the judgment entered in favor of the School District Defendants be vacated. (Docket Entry 119.) These motions are presently before the Court.

---

[3] Justice Murphy filed another substantially similar letter motion to dismiss on January 25, 2012. (Docket Entry 120.)

DISCUSSION

The will first address Justice Murphy's motion to dismiss for improper service.

I. Motion to Dismiss for Improper Service

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Dynegy Midstream Servs., L.P. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2005) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)). Here, although the Summons issued by the Court indicates that Justice Murphy was to be served at the Nassau County Supreme Court, the Marshals served the Summons and Complaint on the Nassau County Attorney at his office at 1 West Street, Mineola, New York. (Docket Entry 37.) As the Nassau County Attorney cannot accept service on behalf of a New York State Supreme Court Justice, such service was improper. See FED. R. CIV. P. 4(e); N.Y. C.P.L.R. 307(2).

However, the Second Circuit has consistently held that a pro se plaintiff proceeding in forma pauperis is "entitled to rely on service by the U.S. Marshals," Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986) (citing FED. R. CIV. P. 4(c)(2)(B)(i)); accord Ruddock v. Reno, 104 F. App'x 204, 206-07 (2d Cir. 2004), and courts in this Circuit have declined to

5

dismiss pro se complaints when the Marshals fail to effect proper service "[s]o long as [the plaintiff] provide[d] the information necessary to identify the defendant," Ruddock, 104 F. App'x at 206-07 (finding that the plaintiff's reliance on the Marshals to effect service constituted "good cause" to extend the time for service under FED. R. CIV. P. 4(m)); see also, e.g., Micolo v. Brennan, No. 07-CV-4901, 2009 WL 742729, at *7-8 (E.D.N.Y. Mar. 18, 2009); Kavazanjian v. Rice, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005). Here, Plaintiff provided the Court with the address of the Nassau County Supreme Court, and such address was included on the Summons. (Docket Entry 37.) Accordingly, the Court will not dismiss the claims against Justice Murphy for improper service, and Justice Murphy's motions are DENIED. The Court will not, however, grant Plaintiff an extension of time to serve Justice Murphy, because the Court finds that she is immune from suit.

II. Judicial Immunity

"It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities or within his or her jurisdiction." Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (citing Mireles v. Waco, 502 U.S. 9, 9-12, 112 S. Ct. 286, 16 L. Ed. 2d 9 (1991); Maestri v. Jutkofsky, 860 F.2d 50, 52-53

(2d Cir. 1988)). There is a two-part test for determining whether a judge is immune from suit:

> <u>First</u>, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Second</u>, a judge is immune only for actions performed in his judicial capacity.

<u>Tucker v. Outwater</u>, 118 F.3d 930, 933 (2d Cir. 1997) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)). If the doctrine of judicial immunity applies, the Court may dismiss <u>sua sponte</u>. See <u>Miller</u>, 467 F. Supp. 2d at 312 (collecting cases).

Here, Plaintiff's claims against Justice Murphy arise out of an order she issued on November 6, 2008, allowing for the administration of antipsychotic medications to Plaintiff against her will. (Compl. 4.) Specifically, Plaintiff asserts that Justice Murphy should not have entered the order because the NUMC Defendants failed to show that antipsychotic medications were medically necessary. (Compl. 4.) However, "[a]bsolute immunity exists 'however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff.'" <u>Miller</u>, 467 F. Supp. 2d at 312 (quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 80 U.S. 335, 347, 20 L. Ed. 646 (1871)). And, since the entry of such order was clearly within the scope

7

of Justice Murphy's jurisdiction, she is entitled to absolute judicial immunity. Therefore, the Court sua sponte DISMISSES all claims against Justice Murphy.

As all claims against Justice Murphy have been dismissed, Plaintiff's motion for default judgment (Docket Entry 119) is moot and is DENIED on that basis.

III. Motion to Vacate

Also pending is Plaintiff's motion to vacate the judgment entered in favor of the School District Defendants. (Docket Entry 119.) Rule 60(b) of the Federal Rules of Civil Procedure governs motions to vacate and states as follows:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances," Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted), and "courts require that the evidence in support of [a] motion to

vacate a final judgment be 'highly convincing,'" Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (quoting United States v Cirami, 563 F.2d 26, 33 (2d Cir. 1977)). Here, however, Plaintiff has neither identified the ground under which she is seeking relief nor provided any evidence in support of vacatur. Accordingly, her motion must be DENIED.

CONCLUSION

For the foregoing reasons, the pending motions (Docket Entries 112, 119, 120) are DENIED, and the Court sua sponte DISMISSES all claims against Justice Murphy. The Clerk of the Court is directed to terminate Justice Murphy as a defendant in this action and to mail a copy of this Memorandum and Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith; therefore in forma pauperis status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 28, 2012
Central Islip, New York